E-FILED
Wednesday, 13 August, 2014  04:35:06 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-04071-SLD |
| | ) | |
| ONE HUNDRED SEVENTY-ONE THOUSAND SEVEN HUNDRED EIGHTY AND 00/100 ($171,780.00) IN U.S. CURRENCY, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In this civil forfeiture proceeding, Plaintiff United States of America ("the Government") asks the Court strike Claimant Alexander Gonzalez's Claim, ECF No. 9, and Answer, ECF No. 11, because Gonzalez has not responded to the Government's special interrogatories. For the following reasons, the Court GRANTS the Government's Motion to Strike Claim and Answer Filed by Alexander Gonzalez, ECF No. 13.

## BACKGROUND

On August 12, 2013, the Government filed this civil forfeiture suit for $171,780.00, allegedly traceable to drug activity, which was seized from Gonzalez by an Illinois State Police trooper during a highway vehicle stop on May 12, 2013. Compl., ECF No. 1. The Government served Gonzalez, via his counsel, with notice of this civil forfeiture action by certified mail on August 14, 2013. Mot. Strike ¶ 2, ECF No. 13. Gonazalez filed a Claim on September 16, 2013, and an Answer on October 15, 2013, disputing the Government's allegations of illegal conduct and requesting return of the currency. Claim, ECF No. 9; Answer, ECF No. 11.

1

The Government states that on November 4, 2013, it sent Gonzalez special interrogatories pursuant to Rule G of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims ("Rule G"), with answers due "on or about" November 26, 2013. Mot. Strike ¶ 4. After receiving no response, the Government inquired about the past due answers on December 4, 2013. *Id.* ¶ 5; Mot. Strike Ex. 1, at 1, ECF No. 13-1. Gonzalez's counsel replied on December 12, 2013, advising that he would "try to get everything to [the Government] by January 15, 2014." Ex. 1 at 2. The Government contacted Gonzalez's counsel again on January 22, 2014, about the answers to the special interrogatories. Ex. 1 at 3. Gonzalez's counsel responded on January 23, 2014, indicating that Gonzalez was to provide answers "shortly." Ex. 1 at 4. On February 4, 2014, the Government informed Gonzalez's counsel that it would move to strike the claim and answer if responses were not received by February 6, 2014. Ex. 1 at 5. The Government received no response. Mot. Strike ¶ 5. On February 7, 2014, the Government moved to strike Gonzalez's Claim and Answer pursuant to Rule G for failure to answer the Special Interrogatories. Mot. Strike. Gonzalez did not respond to the Government's Motion to Strike.

## DISCUSSION

Rule G governs statutory forfeiture actions in rem. Rule G(6)(a) permits the Government to "serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Rule G(6)(b) requires that answers or objections to these interrogatories be served within 21 days of their receipt.

Rule G(8)(c)(i)(A) permits the Government to move to strike a claim or answer at any

time before trial due to failure to comply with Rule G(6). *See United States v. $196,969.00 U.S. Currency*, 719 F.3d 644, 647 (7th Cir. 2013) (noting that the government can move to dismiss a claim where claimant is unresponsive to Rule G(6) interrogatories); *United States v. $4,290.00 in U.S. Currency*, No. 12-3141, 2014 WL 859561, at *4 (C.D. Ill. Mar. 5, 2014) (striking claim for failing to adequately respond to Rule G special interrogatories and to comply with discovery orders and requests). The purpose of the Rule G(6) special interrogatories "is to smoke out fraudulent claims—claims by persons who have no colorable claims." *United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 650 (7th Cir. 2013). The Advisory Committee Notes to Rule G(8) caution, however, that a court "should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects."

Gonzalez has refused to respond to the interrogatories; his counsel's correspondence with the Government suggests that this failure stems not from lack of awareness or capacity, but of volition. His failure to comply with the Rule G procedure justifies striking his Claim pursuant to Rule G(8)(c)(i)(A).

## CONCLUSION

Plaintiff's Motion to Strike Claim and Answer, ECF No. 13, is GRANTED. The Claim, ECF No. 9, and Answer to Complaint, ECF No. 11, are STRICKEN.

Entered this 13th day of August, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
